IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 7:16-cr-30026 |
| v. | ) |
| | ) |
| MICHAEL JONES, et al., | ) |
| | ) By: Michael F. Urbanski |
| Defendants. | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Terrance Brown's pro se motion for recusal, ECF No. 439, and a related motion to change venue, ECF No. 431, based on his claim that the undersigned United States District Court judge is biased against gangs.[1] As there is no basis for Brown's assertion, the court will deny the motions.

### I.

Brown faces charges for RICO conspiracy, drug conspiracy, assault in aid of racketeering, and firearms offenses in violation of 18 U.S.C. § 1962(d), 21 U.S.C. § 846, and 18 U.S.C. §§ 1959(a), 924(c), respectively. The government alleges that Brown is a member of the Mad Stone Bloods ("MSB") gang.

---

[1] Brown is presently represented by court appointed counsel Paul Beers. He nevertheless chose to file a series of motions pro se. See ECF Nos. 429, 430, 431, 432, and 439. The court will resolve each of those motions in the Order accompanied by this Memorandum Opinion. Brown has also indicated his desire to proceed pro se for the remainder of this case. The court will address Brown's request to represent himself at the July 31, 2017 hearing. For now, Beers remains as Brown's counsel.

Brown seeks disqualification of the undersigned United States District Court judge pursuant to 28 U.S.C. §§ 455 and 144. ECF No. 439. He seeks to change venue on the same grounds. ECF No. 431. Brown contends that the undersigned is biased against gang members generally and him personally. He makes two allegations in support of his motion. First, Brown claims that his counsel, Paul Beers, told Brown during a July 9, 2017 consultation that "Judge Michael F. Urbanski does not like gang members, and that Judge Urbanski would hate to have a headline that read 'Judge Michael F. Urbanski acquits gang member.'" Brown Aff., ECF No. 439-1, at 1. According to Brown, these statements reflect "apparent bias and prejudice toward me, being that Im a documented gang member on a Rico Case." Id. Second, Brown states that in "every court hearing to date inside Judge Urbanski's courtroom, Judge Urbanski doesn't allow me to speak when I ask to. My counsel Mr. Beers wont speak on what I ask him too and Judge Urbanski doesn't allow me to have a voice during this vital time where Im fighting for my freedom against the government." Id. at 1-2.

II.

Under 28 U.S.C. § 455(a), a "federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (citing 28 U.S.C. § 455(a)). "This objective standard asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998). The standard "does not require a judge to recuse himself because of unsupported, irrational, or highly tenuous speculation."

2

DeTemple, 162 F.3d at 287 (citations and quotations omitted). To require recusal on such speculative grounds "would allow litigants to exercise a negative veto over the assignment of judges." Id.

In this case, a reasonable, well-informed observer who has assessed all the circumstances would not question the undersigned's impartiality. Brown's allegation that the undersigned "does not like gang members" lacks any foundation in fact. Apparently, it is based upon a private conversation between Brown and his counsel about Brown's ability to obtain a bench trial.

Brown and Beers have differing recollections of their conversation. Beers recounted at the July 19, 2017 hearing that he told Brown that he had no right to a bench trial because the government was not going to consent. Beers added:

> But I said, anyway, what difference would it make? The jury is going to hear very disturbing evidence about a gang called the Bloods and they're not going to like it. Judge Urbanski is not going to like the evidence where – or a finder of fact either. I don't see what difference it makes.

Brown disagreed, stating at the July 19, 2017 hearing the following:

> But Mr. Beers was saying that it wasn't like that at all, that he said, in actuality, Mr. Urbanski is a great judge but he doesn't like gang members. And with him not liking gang members, he would hate the headline that says "Mr. Urbanski acquits gang member." Those were his exact words.

Conflicting recollections of a private conversation between Brown and his counsel provide no basis for judicial recusal. Under these circumstances, no "reasonable person would have a reasonable basis for questioning the [undersigned's] impartiality." Cherry, 330 F.3d at 665.

3

Brown's second set of allegations likewise do not require recusal. During pretrial hearings the court has on occasion instructed Brown to consult with his counsel rather than speak on the record. "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune and do not establish bias or partiality." United States v. Castner, 50 F.3d 1267, 1274 (4th Cir. 1995) (quoting Liteky v. United States, 510 U.S. 540, 556 (1994)); cf. United States v. Olano, 62 F.3d 1180, 1193 (9th Cir. 1995) (Criminal defendants have "no absolute right to serve as co-counsel after electing to be represented by an attorney."). Directing Brown to speak to his lawyer during open hearings reflects ordinary efforts at courtroom administration, not bias or partiality. Again, these allegations do not reasonably call into question the impartiality of the undersigned judge.

Brown also cites 28 U.S.C. §§ 455(b)(1) and 144 in support of his motion. Section 455(b)(1) requires recusal where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Section 144 "entirely duplicate[s] the grounds of recusal set forth in" § 455(b)(1), Liteky, 510 U.S. at 548, but adds the requirement that a party submit "a timely and sufficient affidavit" identifying the grounds for recusal. 28 U.S.C. § 144. The affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

The Supreme Court has held that § 455 and § 144 carry an "extrajudicial source" limitation, which requires the alleged source of bias triggering recusal to arise "outside the judicial proceeding at hand." Liteky, 510 U.S. at 548. "Judicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current

4

proceedings, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion." United States v. Brown, 636 F. App'x 157, 160 (4th Cir. 2016), cert. denied, 136 S. Ct. 2529 (2016) (brackets, citations, and quotations omitted). Brown's concerns about his ability to speak during hearings are, by their very nature, not associated with an extrajudicial source and cannot give rise to recusal. While Brown's allegation that the undersigned "does not like gang members" arguably implicates an "extrajudicial source" of bias, there is no factual basis for that allegation. Again, Brown's concern arises entirely out of his recollection of a private conversation with his counsel about whether Brown had the right to a bench trial. As such, it lacks any objective basis in fact and consists entirely of unfounded speculation. DeTemple, 162 F.3d at 287. Therefore, the court must deny Brown's request for recusal under § 455(b)(1) and § 144.

Brown's motion also fails under § 144 for failure to include a sufficient affidavit. Brown's affidavit is not "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. In fact, at a July 19, 2017 hearing, Beers informed the court that Brown's allegations of bias raised in the pro se motion to change venue were not submitted in good faith. Beers stated that he was not advancing or endorsing Brown's motion "in any way, shape or form." Beers added that "it was not made in good faith. It is not a good motion. We can be here all day, but I'm not endorsing it. In fact, it is completely inconsistent with what we both say. . . . I'm not certifying that it is a good motion. It is not a good motion."

An affidavit such as Brown's, "rife with speculation and unsupported conclusions," is not sufficient for purposes of § 144. United States v. Farkas, 669 F. App'x 122, 123 (4th Cir.

5

2016). Brown's allegations of bias lack the required certificate of counsel of record and do not state sufficient grounds for recusal.

Brown has presented no objective facts reasonably questioning the undersigned's impartiality. A judge is not required to recuse himself based on unsupported speculation, and there is no reasonable basis for recusal in this case. Therefore, the court will deny Brown's motions. ECF Nos. 431, 439.

An appropriate Order will be entered.

Entered: July 28, 2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

6