CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 15, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:16-cr-30026 |
| v. ) | |
| ) | |
| TERRANCE NATHANIEL BROWN, JR., ) | By: Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

## ORDER

Terrance Nathaniel Brown, Jr., a federal inmate proceeding pro se, has filed a post-judgment motion to dismiss his conviction for lack of jurisdiction, pursuant to Federal Rule of Criminal Procedure 12(b)(2). For the reasons set forth below, the motion is **DENIED**.

### I.

On October 26, 2016, a federal grand jury returned a multi-count indictment against Brown. ECF No. 19. That same day, a warrant was issued for Brown's arrest, and the warrant was filed as a detainer at the Norfolk City Jail, where Brown was in state custody. ECF No. 37. A grand jury subsequently returned a superseding indictment against Brown. ECF No. 526. Following a multi-week trial in 2017, a jury convicted Brown on Count Two of the superseding indictment, charging conspiracy to distribute and possess with intent to distribute heroin, cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 893. The court subsequently sentenced Brown to a term of imprisonment of 240 months. ECF No. 1154.

Brown's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on May 1, 2020. United States v. Brown, 811 F. App'x 818 (4th Cir. 2020). The judgment of the Fourth Circuit took effect on June 8, 2020, when the mandate issued. ECF

No. 1326. On April 26, 2021, the Supreme Court denied Brown's petition for a writ of certiorari. Brown v. United States, No. 20-6374 (Apr. 26, 2021).

In January 2022, Brown moved to vacate his conviction and sentence under 28 U.S.C. § 2255. ECF No. 1378. The court issued a memorandum opinion and order denying the motion on July 31, 2023. ECF Nos. 1407, 1408. Brown appealed the court's decision to the Fourth Circuit, and that appeal remains pending.

On March 27, 2024, Brown filed the instant motion styled as a "Rule 12 motion to dismiss." ECF No. 1438. Brown argues that his conviction should be dismissed for lack of jurisdiction because a criminal complaint was never filed against him in this case.

## II.

Brown's motion to dismiss must be denied for two reasons. First, the motion is untimely. In a criminal case, a defendant may file "a motion that the court lacks jurisdiction . . . at any time while the case is pending." Fed. R. Crim. P. 12(b)(2) (emphasis added). Here, Brown filed his Rule 12 motion nearly four years after the mandate issued in his direct criminal appeal and nearly three years after the Supreme Court denied his petition for a writ of certiorari on direct appeal. Because his criminal case is no longer "pending," the motion is untimely. See United States v. Elso, 571 F.3d 1163, 1166 (11th Cir. 2009) (explaining that a defendant's criminal case is no longer "pending" within the meaning of Rule 12(b)(2) when the mandate issues on direct appeal or when the Supreme Court denies a petition for a writ of certiorari); see also United States v. O'Connor, No. 21-3506, 2022 WL 2037602, at *1 (6th Cir. Mar. 16, 2022) (concluding that a defendant's post-judgment motion to dismiss for lack of jurisdiction was properly denied as untimely since his "direct appeal was adjudicated well before he filed his motion to dismiss").

2

Second, even if the motion were timely, Brown's jurisdictional challenge lacks merit. Generally, a federal criminal case begins with the filing of a complaint, see Fed. R. Crim. P. 3, or an indictment or information, see Fed. R. Crim. P. 7, and an arrest warrant may be issued following the filing of any of these charging documents, see Fed. R. Crim. P. 4, 9. Because Brown was indicted by a grand jury pursuant to Rule 7, a criminal complaint was unnecessary. And the absence of a complaint did not deprive the court of jurisdiction. See, e.g., United States v. Adams, 36 F.4th 137, 144 (3d Cir. 2022) ("The District Court had jurisdiction under 18 U.S.C. § 3231 because Adams was charged in an indictment alleging violations of federal criminal law."); McCoy v. United States, 266 F.3d 1245, 1252 (11th Cir. 2011) ("[A]n indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case . . . ."); see also United States v. Sykes, No. 6:05-cr-06057, 2011 WL 282356, at *3–4 (W.D.N.Y. Jan. 26, 2011) (concluding that a similar motion "plainly lacked merit" where the defendant alleged that the court lacked jurisdiction because the government obtained an indictment against him without first filing a criminal complaint).

## III.

For the reasons stated herein, Brown's motion to dismiss for lack of jurisdiction under Rule 12, ECF No. 1438, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: April 15, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.15 10:52:15 -04'00'

Michael F. Urbanski
Chief United States District Judge